**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ELIZABETH MANUEL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil No. 3:13-cv-00522** |
| **v.** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE KNOWLES** |
| **GOODWILL INDUSTRIES OF MIDDLE TENNESSEE, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**INITIAL CASE MANAGEMENT ORDER**

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.01, Plaintiff Elizabeth Manuel and Defendant Goodwill Industries of Middle Tennessee, Inc. submit this proposed Initial Case Management Order.

1. **Jurisdiction.** This Court has original jurisdiction over this action under 28 U.S.C. § 1331 in that the Plaintiff's claims involve a federal question arising under an alleged violation of Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 et seq. *See* Comp. ¶¶14, 17, 18, 19, 22, 28, and 32.

2. **Service of Process.** Service of process has been completed. Defendant does not dispute the sufficiency of service of process.

3. **Responsive Pleadings.** Responsive pleadings have been filed and served.

4. **Plaintiff's Theory of the Case.** The Plaintiff was hired by the Defendant in January of 2012 as a production worker.

During her employment, she sustained an on the job injury on or about February 23, 2012. The Defendant refused to accommodate the Plaintiff. During this applicable

time period, Plaintiff always followed her physician's instructions, recommendations and restrictions. Plaintiff requested the Defendant accommodate her limitations and restrictions as assigned by her treating physician. The Defendant retaliated against her for exercising those rights by terminating her employment. Because of her disability, Plaintiff was terminated under the pretext that she was unable to keep up with production.

The Plaintiff submits that she was discriminated against in violation of Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 et seq, and requests damages including back pay, compensatory and punitive damages, attorney fees and costs from the Defendant.

5. **Defendant's Theory of the Case.**

Goodwill is a non-profit organization known throughout Middle Tennessee for selling donated goods to raise money to help individuals who face various obstacles or barriers to employment. Goodwill has many programs designed to assist individuals to enter or reenter the workforce. One of these programs is called Career Solutions. This program includes job search, job training, and job placement. The individuals selected to participate in Career Solutions are not employed by Goodwill. Rather, they are clients who are taking advantage of training services provided by Goodwill to help them find a job either at Goodwill or at another local employer.

Plaintiff was a client selected to participate in Career Solutions. As part of the program, Plaintiff was sent to a Goodwill store location for a few weeks so she could demonstrate whether she was ready to enter the workforce either at Goodwill or at another employer. This process is called a situational assessment. Plaintiff signed a statement acknowledging she understood she was not employed by Goodwill during the

situational assessment and that undergoing the situational assessment did not provide any guarantee that Plaintiff would ultimately be offered employment by Goodwill. Plaintiff completed the situational assessment period and was provided with feedback regarding areas she needed to improve in order to be fully ready to enter the workforce at some point in time. Subsequently, Plaintiff failed to respond to efforts by Career Solutions to reach her regarding additional training and job opportunities. Plaintiff was ultimately dropped from the training program in July of 2012 for failure to respond.

Plaintiff was never an employee of Goodwill Industries. Because Plaintiff was not an employee as that term is defined under the Americans With Disabilities Act Amendments Act ("ADAAA") she does not have standing to bring a claim of discrimination.

Even if Plaintiff could establish that she was an employee, her claims of discrimination would still fail. During the situational assessment, Plaintiff reported that she had sprained her wrist or hand. She continued to work and finished the situational assessment period. Goodwill had no knowledge that the alleged sprain had any impact on Plaintiff's major life activities much less a substantially limiting impact. It certainly did not prevent Plaintiff from finishing the situational assessment. The alleged sprain does not fall with the definition of a "disability" under the ADAAA and, therefore, Plaintiff cannot prove even the first element of a *prima facie* case of disability discrimination.

Plaintiff was advised in advance and acknowledged in writing that she was undergoing at situational assessment to test her work skills and productivity as part of the Career Solutions training program. She knew she was not an employee of Goodwill and

knew the situational assessment would conclude after a few weeks. Based on the admissions by Plaintiff, there is no basis for a claim of disability discrimination.

6. **Other Claims.** At this time, the parties are not aware of the need for any counterclaims, cross-claims, third-party claims, or joinder of additional parties or claims in this action. Motions to Amend the Pleadings are due on or before November 22, 2013.

7. **Discovery.**

a. **Mandatory Initial Disclosures**. Parties must make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by August 22, 2013.

b. **Written Discovery.** All written discovery requests shall be served by no later than January 2, 2014.

.

c. **Depositions.** Depositions of all fact witnesses are to be completed by May 1, 2014. Depositions of any expert witnesses and treating physicians disclosed by Plaintiff shall be completed by June 1, 2014. Depositions of any expert witnesses and treating physicians disclosed by Defendant shall be completed by July 1, 2014.

d. **Expert Disclosures.** Plaintiffs shall disclose any experts who will testify and provide information summarizing their testimony, in accordance with Rule 26 of the Federal Rules of Civil Procedure, to opposing counsel on or before April 1, 2014. Defendants shall disclose their experts who will testify and provide information summarizing their testimony, in accordance with Rule 26 of the Federal Rules of Civil Procedure, to opposing counsel on or before May 1, 2014.

e. **Discovery Limits.** Rule 9(a)(2) of the Local Rules of Court is expanded to allow 40 interrogatories, including sub-parts and successive sets. The parties have

considered other limitations on discovery and agree that no limitations on discovery should be made at this time beyond those that apply pursuant to the Federal Rules of Civil Procedure.

f. **Protective Orders.** The parties will attempt to reach agreement on the language of a proposed protective order. If the parties are unable to reach agreement, then either party may seek a protective order or other discovery limitations in accordance with the Federal Rules of Civil Procedure.

g. **Discovery Disputes.** No motions regarding discovery disputes shall be filed until after the parties have personally conferred in a good faith effort to resolve the dispute between themselves. Discovery-related Motions are due on or before May 15, 2014.

.

.

h. **Rule 26(f) Conference.** The Initial Case Management Conference shall serve as the parties' Rule 26(f) discovery conference.

8. **Settlement and Alternative Dispute Resolution.** The parties believe that this case has the potential to be settled outside of court. The parties agree that the best time to consider alternative dispute resolution in the form of a possible nonbinding mediation will likely be after completion of written discovery and the deposition of the parties and fact witnesses, but before deposing experts and the filing of summary judgment motions. ___________

9. **Pretrial Motions.** Briefs in support of pretrial motions shall not exceed 25 pages in length.

.

10. **Dispositive Motions.** All dispositive motions are to be filed by August 1, 2014. Responses shall be filed by within 30 days of filing of the motion. Replies shall be filed by within 10 business days of service of the response and shall not exceed 10 pages.

11. **Proceeding Before Magistrate Judge.** The parties respectfully decline the invitation to proceed before a magistrate judge.

12. **Target trial date:** The target (non-jury) trial date is December 9, 2014, to last 2-3 days.

By signing below, this court approves the above stated Initial Case Management Order, with modifications, if any, and it is hereby made an order of this court.

ENTERED this _____ day of ______________________, 2013.

E. Clifton Knowles
Magistrate Judge